Filed 8/15/24  P. v. Welk Resort Group CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, <br><br> Plaintiff, <br><br> v. <br><br> WELK RESORT GROUP, INC., <br><br> Defendant and Respondent. <br><br> CHERI GRAHAM et al., <br><br> Claimants and Appellants. | D081961 <br><br><br> (Super. Ct. No. 37-2020-00018514-CU-NP-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Carolyn M. Caietti, Judge.  Affirmed.

The Sands Law Group, Thomas D. Sands; and Austin N. Aaronson, for Claimants and Appellants.

Solomon Ward Seidenwurm & Smith, Thomas F. Landers, Owen M. Praskievicz, and John A. Kelly for Defendant and Respondent.

## I. INTRODUCTION

Seeking to rescind their timeshare agreement and recover damages, Cheri Graham and April Barkley (Appellants) filed a motion for relief based on a stipulated judgment between Welk Resort Group, Inc. (Welk) and the People of the State of California (People).  The trial court denied the motion, finding Appellants ineligible for relief on both procedural and substantive grounds.  On appeal, Appellants claim the trial court's ruling lacked substantial evidence.  We disagree and affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Stipulated Judgment*

On June 5, 2020, the trial court entered a stipulated judgment resolving the People's unfair business practices and false advertising complaint against Welk.[1]  A provision in the judgment established a restitution program under which dissatisfied timeshare owners could recover damages from Welk, including cash payments, resort credits, or timeshare points.  Eligible owners were those that bought their timeshares between January 1, 2011, and March 31, 2016.  The judgment divided timeshare owners into two categories:  "Known Purchasers" and "Claimant Purchasers."  Known Purchasers were timeshare owners who submitted a written

---

[1]    The record is sparse regarding the events leading up to the People's complaint.  Because both the record and the parties' briefing begin with the stipulated judgment, so do we.

complaint to Welk (or a listed regulatory entity) by June 3, 2020,[2] alleging he or she bought a timeshare after a presentation at which Welk violated the Vacation Ownership and Time-share Act of 2004 (VOTA).[3] Known Purchasers could receive refunds equal to all amounts paid to Welk, subject to reductions based on the number of times they used their timeshare.

Claimant Purchasers were those timeshare owners that failed to meet the Known Purchaser definition described above. The stipulated judgment required Claimant Purchasers to submit a "Claim Form" to Welk within 60 days of Welk's published notice of relief eligibility.[4] Claimant Purchasers could collect a $2,000 maximum cash payment.

B.    *Appellants' Correspondence with Welk*

Appellants, who bought their timeshare from Welk during the relevant period, say they sent Welk a letter via certified mail on March 4, 2020 (March 4 Letter). The letter advised Welk that counsel represented Appellants, requested "all future communications regarding collection of the debt" be directed through him, and stated, "[w]e will send you a formal position letter in the next ten to twenty business days

---

[2]    The parties contend the *entry* date of the stipulated judgment constituted the deadline to file for reimbursements. That occurred on June 5, 2020. However, the proper deadline is the "date of the *filing* of the Stipulation for Entry of Final Judgment" (italics added), which occurred two days earlier, on June 3, 2020.

[3]    VOTA is codified at Business and Professions Code section 11210, et seq. VOTA protects consumers by regulating the timeshare market.

[4]    Welk published notice on July 3, 2020, consequently Appellants' Claimant Purchaser Claim Forms were due no later than September 1, 2020. However, Appellants failed to file a claim form and do not seek relief as Claimant Purchasers.

concerning some grievances our clients have expressed." Welk has no record it received the March 4 Letter, and the United States Postal Service (USPS) tracking information shows the USPS never delivered the letter.

Later, on June 12, 2020, counsel for Appellants sent a letter to Welk. That communication alleged improper marketing tactics by Welk and sought to relinquish Appellants' timeshare in exchange for a full refund of all amounts they paid Welk.

On July 3, 2020, Welk emailed Appellants notice of the stipulated judgment. Welk included instructions on how to submit applications for recognition as Known Purchasers or Claimant Purchasers, as well as a link for an online claim form.

Counsel for Appellants sent additional letters to Welk on July 13, 2020, and December 29, 2020, asserting that Appellants were Known Purchasers seeking to exercise their rights under the stipulated judgment. Welk declined to add Appellants to the list of Known Purchasers since Welk never received a written complaint from Appellants prior to the filing of the stipulation for entry of judgment.

C.    *Appellants' Motion for Recission and Restitution*

On September 9, 2022, Appellants filed a Motion to Allow Claim Rescission/Restitution.[5] Based on the letters their counsel sent on June 12, 2020, July 13, 2020, and December 29, 2020, Appellants alleged they qualified as Known Purchasers, and Welk owed them $30,017.38 in

---

[5]    This filing did not contain any of its referenced exhibits. Appellants refiled the motion on January 20, 2023, including the exhibits, but omitting any proof of service.

4

restitution. This amount reflected all the money they paid to Welk.[6] Welk opposed the motion, disputing both Appellants' eligibility for relief under the stipulated settlement, and the restitution total. Welk submitted the March 4 Letter to the court, but asserted it possessed no record of receiving it in the mail and that Appellants produced it while meeting and conferring about the motion.

In February 2023, the trial court denied Appellants' motion. First, Appellants admitted noncompliance with California Rules of Court, rule 3.1306(b), regarding presentation of live testimony.[7] Consequently, the court did not allow witnesses to testify, meaning the only supporting evidence for Appellants came from exhibits attached not to their original motion, but to a refiled version.

Second, however, Welk objected to the court considering Appellants' refiled motion because Welk never received it. The court sustained Welk's objection noting the court file lacked any indication that Appellants served Welk with the updated filing. The court then denied the motion because Appellants never served it on Welk. Having denied the motion on procedural grounds the court nonetheless turned to the motion's merits.

---

[6]     Appellants also alleged they qualified as Claimant Purchasers. However, they limited their request for relief to that available to Known Purchasers. Appellants abandoned any Claimant Purchaser relief in this appeal, solely focusing on their eligibility as Known Purchasers.

[7]     California Rules of Court, rule 3.1306(b) states: "A party seeking permission to introduce oral evidence . . . must file, no later than three court days before the hearing, a written statement stating the nature and extent of the evidence proposed to be introduced and a reasonable time estimate for the hearing."

The court found Appellants failed to demonstrate they were Known Purchasers. Specifically, the court found that Appellants did not submit a timely written complaint because Welk never received the March 4 Letter. In any event, that letter could not qualify Appellants as Known Purchasers because the letter did not contain allegations that Welk violated VOTA. Appellants timely appealed the ruling.

## III. DISCUSSION

### A. *Improper Service*

As an independent grounds for denying Appellants' motion, the trial court cited Appellants' failure to serve Welk with the second motion which included exhibits. While not addressed by Appellants, we consider the issue.

Papers supporting a motion must "be served and filed at least 16 court days before the hearing." (Code Civ. Proc., § 1005, subd. (b).) Enforcement of that requirement is a matter of the court's discretion. (*Jack v. Ring LLC* (2023) 91 Cal.App.5th 1186, 1210.) Here, the court enforced it.

The trial court found that Appellants neglected to include supporting documents with the motion's initial filing, and Welk did not receive from Appellants the subsequent filing with the exhibits included. Nor does the record reflect that Appellants sought a continuance to allow proper service of the updated filing. Appellants do not dispute the trial court's findings. Given these circumstances, it was within the trial court's discretion to deny the motion for lack of proper service. This is particularly true where without live testimony the unserved exhibits provided Welk the only supporting evidence for Appellants' motion. We therefore affirm the trial court on this issue.

### B. *Merits of the Motion*

6

Although the trial court properly denied Appellants' motion based on lack of proper service, we address Appellants' claim that the evidence available to the trial court supported granting their motion. Relying on the certified mailing of the March 4 Letter, and the presumption of receipt described in Evidence Code section 641, Appellants claim they were Known Purchasers.[8] They further contend that subsequent correspondence related back to the original communication, curing any deficiency in the March 4 Letter's content. Finally, they assert Welk improperly handled their claim by not responding to their correspondence and not providing them with a claim form.

"When an appellant contends the evidence is insufficient to support a judgment, order, or factual finding, we apply the substantial evidence standard of review." (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 957.) Under this standard, we " ' "accept[ ] the evidence most favorable to the order as true and discard[ ] the unfavorable evidence as not having sufficient verity to be accepted by the trier of fact." ' " (*Wilkin v. Nelson* (2020) 45 Cal.App.5th 802, 809.)

To qualify as Known Purchasers, Appellants needed to submit a written complaint to Welk (or a listed regulatory entity) prior to June 3, 2020. Appellants claim they mailed the March 4 Letter prior to that deadline, triggering the Evidence Code section 641 presumption that Welk received the letter. However, that presumption is rebuttable. (*Wolstoncroft v. County of Yolo* (2021) 68 Cal.App.5th 327, 350.) " ' "[I]f the adverse party denies receipt, the presumption is gone from the case." ' " (*Craig v. Brown & Root,*

---

8    Evidence Code section 641 states, "A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail."

7

*Inc.* (2000) 84 Cal.App.4th 416, 422.) When a court hears testimony denying mail delivery, the trier of fact must, without consideration of the presumption, determine whether mail reached its destination. (*Ibid.*)

Here, Welk submitted a declaration from R. Hutchinson Farrell, Jr., its Director of Customer Advocacy. Mr. Farrell stated that Welk had no record of ever receiving Appellants' March 4 Letter. Welk also submitted the USPS tracking information for the March 4 Letter showing that a label was created for the letter, but the USPS never delivered it. Accordingly, substantial evidence supports the trial court's finding that Welk did not receive Appellants' March 4 Letter.

Appellants appear to suggest that their attempt to send the March 4 Letter, as opposed to Welk's receipt of it, qualifies them as "Known Claimants." Appellants do not provide any substantive argument or authority on how the stipulated judgment's use of the word "submitted" should be interpreted in this manner, so the point has been waived. (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418.) Further, even if an attempted mailing qualified as a submission under the stipulated judgment, the March 4 Letter would still not qualify Appellants as Known Purchasers. For that, the submitted communication must claim that Welk violated VOTA. The March 4 Letter contains no such allegation, it merely requested Welk direct future communications "regarding collection of the debt" through Appellants' attorney and stated Appellants will address their as yet unspecified grievances in a future letter.

After the March 4 Letter, Appellants' next communication was a letter dated June 12, 2020. This fell after the June 3, 2020 deadline, and is therefore insufficient to qualify Appellants as Known Purchasers. However, Appellants claim all subsequent correspondence related back to the March 4

8

Letter, bringing Appellants into compliance with the stipulated judgment's complaint filing dates. Appellants forfeited this theory by not asserting it in the trial court. (*Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 548.) Additionally, in order for relation-back to apply, the March 4 Letter and subsequent correspondence would have to " '(1) rest on the *same general set of facts*, (2) involve the *same injury*, and (3) refer to the *same instrumentality*.' " (*Branick v. Downey Savings & Loan Assn.* (2006) 39 Cal.4th 235, 244.) None of these requirements are met because the March 4 Letter refers to a debt and unspecified complaints, while the later letters address improper marketing tactics and the stipulated judgment.

Finally, Appellants criticize how Welk handled Appellants' claim. For instance, Appellants maintain Welk frequently failed to respond to Appellants' inquiries regarding the dispute. However, Appellants do not explain how this conduct is relevant to their status as Known Purchasers. We see the question as whether prior to June 3, 2020, Appellants submitted a written complaint containing VOTA violation allegations. The actions of which Appellants complain occurred after that date and do not inform the dispute. Regardless of any possible problems with how Welk responded to Appellants' communications, or with not properly providing Appellants information after entry of the stipulated judgment, it remains that Appellants failed to submit a written VOTA complaint prior to June 3, 2020.

Based on the above, we conclude the trial court did not err in denying Appellants' motion.

9

## IV. DISPOSITION

The judgment is affirmed.  Welk is awarded costs on appeal.


RUBIN, J.

WE CONCUR:


DATO, Acting P. J.


CASTILLO, J.

10